IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTONIO M. ATCHLEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:13-CV-01276
CRIM. NO. 2:11-CR-262
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

### OPINION AND ORDER

On September 28, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. Petitioner has filed a Motion to Amend the Motion to Vacate Under 2255. (ECF No. 56.) The Court **GRANTS** Petitioner's motion. (ECF No. 56.) This matter now is before the Court on the § 2255 motion, as amended, Respondent's Response, and the exhibits of the parties. Upon consideration of the entire record, including the arguments set forth in Petitioner's amended Motion, for the reasons that follow, as well as those addressed in the Magistrate Judge's Report and Recommendation, this action is hereby **DISMISSED.**

Petitioner challenges his July 12, 2012 conviction for possession of a firearm in furtherance of a drug trafficking crime. He asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress his statements to police and evidence obtained from his vehicle. The standard for review of a motion under 28 U.S.C. § 2255, and for evaluating a claim of the denial of the effective assistance of counsel are set forth in the Magistrate Judge's Report and Recommendation (ECF No. 55, PageID# 184-186) and will not be repeated herein.

Petitioner asserts that his attorney should have filed a motion to suppress his statement to police. After police stopped his vehicle for a traffic violation(s), petitioner "placed both hands outside of the window [of his car] and stated to the Officers he was operating the vehicle under a license suspension." Amended Brief (ECF No. 58, PageID# 213.) Petitioner complains that, when police placed him under arrest, they failed to provide him with his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Petitioner also asserts that his attorney improperly failed to file a motion to suppress evidence seized from his vehicle. Petitioner maintains that police were required to read him his *Miranda* rights at the time they placed him under arrest and subjected him to custodial interrogation as would be necessary in order to conduct a legal inventory search. (PageID# 218.)

> Police cannot place someone under arrest, search, find evidence and then retroactively Mirandize. You can't unring the bell and thus, Mr. Atchley's rights were violated, he had been prejudiced and more than meets and exceeds the standard to prevail on his claim of ineffective assistance of counsel.

(PageID# 219.)

The record reflects that Petitioner advised police, as they approached his vehicle, that he was operating under a suspended license. Petitioner does not refer to, and the record does not reflect, that he made any other incriminating statements to police.

> In *Miranda v. Arizona*, the Supreme Court of the United States held "when an individual is taken into custody or otherwise deprived of [her] freedom by the authorities in any significant way and is subjected to questioning, ... [she] must be warned prior to any questioning that [she] has the right to remain silent, that anything [she] says can be used against [her] in a court of law, that [she] has the right to the presence of an attorney, and that if [she] cannot afford an attorney one will be appointed to [her] prior to questioning if [she] so desires." 384 U.S. 436, 478–79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In other words, the Supreme Court stated "an individual held for interrogation must be clearly

> informed that [she] has the right to consult with a lawyer and to have the lawyer with [her] during interrogation. . . ." *Id.* at 471.

*United States v. Shropshire*, No. 1:09-CR-181, 2011 WL 1843248, at *2 (ECF No. .D. Tenn. May 16, 2011). However, "[a]ny statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." *Miranda*, 384 U.S. at 478. Police need not stop a person who volunteers that he wishes to confess a crime. "Volunteered statements of any kind are not barred by the Fifth Amendment." *Id*.

Here, the record reflects that police had not placed Petitioner in custody at the time he stated that he was operating his vehicle with a suspended license. As such, *Miranda* warnings were not required. Further, Petitioner offered his statement to police voluntarily and before police initiated any questioning. Police thereafter validly placed him under arrest for driving with a suspended license, at which time they conducted a lawful search of his vehicle incident to his arrest under the law of this Circuit at that time.

In view of the foregoing, a motion to suppress evidence would have been without legal support. Petitioner therefore cannot establish the denial of effective assistance of counsel on this basis. To establish a claim of ineffective assistance of counsel based on an attorney's failure to file a motion to suppress, the Petitioner must establish that his Fourth Amendment claim is meritorious "and that there is a reasonable probability that the verdict would have been different absent the excludable evidence[.]" *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The record fails to reflect such circumstances here.

3

Petitioner's Motion to Amend the Motion to Vacate Under 2255 (ECF No. 56) is **GRANTED**. The Motion to Vacate, Set Aside or Correct Sentence (ECF No. 45) is **DENIED**. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review, and carefully considered the entire record. The Report and Recommendation (ECF No. 55) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

12-1-2015
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE